# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMARCUS FENNELL | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 18-4226 |
| WARDEN LAURA KUYKENDALL, *et al* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                   **January 14, 2019**

A citizen on parole serving part of his criminal sentence in a Pennsylvania work release facility is entitled to a defined level of Fourteenth Amendment due process before being found to have technically violated parole and returned to a prison cell for sixty days. A state actor cannot falsely imprison the parolee under state law or extend the sentence set by the state court judge under the Eighth Amendment. But when, as today, the parolee pleads a preliminary hearing leading to the finding of a parole violation, and fails to plead the state actor extended the judge's underlying sentence, or imprisoned him without probable cause, we must dismiss his *pro se* complaint. Based on facts raised in his opposing brief, we grant him leave to file a third amended complaint if he can swear to the facts possibly giving rise to his claims.

## I. Allegations.[1]

In another of his lawsuits challenging law enforcement's conduct towards him while in state custody, JaMarcus Fennell seeks relief arising from a sixty-day incarceration while a parolee serving his sentence at the Lehigh County Work Release Facility.[2] On March 8, 2018, Sgt. Kurt Stamitz, an employee at the Facility, threatened Mr. Fennell.[3] Sgt. Stamitz told him to leave his office or else he would "hook" him.[4] On March 14, 2018, Sgt. Stamitz again threatened Mr.

Fennell for three hours.[5] He followed Mr. Fennell throughout the building to "harass and alarm" him.[6] The same day, Sgt. Stamitz told him to leave the Facility.[7] Mr. Fennell was hospitalized for panic attacks caused by Sgt. Stamitz's "bullying and cruel and unusual treatment."[8]

Mr. Fennell met with Warden Laura Kuykendall the next day to discuss Sgt. Stamitz's behavior.[9] Warden Kuykendall told Mr. Fennell she would transfer him to another facility.[10] Mr. Fennell alleges Warden Kuykendall lied about the transfer.[11] He claims she falsified documents "to cover up" Sgt. Stamitz's abuse.[12]

Directly related to today's Order, Mr. Fennell also alleges Warden Kuykendall conspired with Parole Agent Brian Fallock to "illegally detain [him] under violations (tech) unsuccessful discharge."[13] The Commonwealth imprisoned Mr. Fennell for sixty days for the technical parole violation.[14] Agent Fallock provided Mr. Fennell with a preliminary hearing, after which Mr. Fennell "never heard from" Agent Fallock again.[15] Mr. Fennell "maxed out [his] 60 day parole sentence without any full due process that would ultimately deem [him] innocent."[16] He never received a second hearing.[17]

Mr. Fennell sues Warden Kuykendall, Sgt. Stamitz, and Agent Fallock in their individual and official capacities for (1) denial of due process under the Fourteenth Amendment; (2) cruel and unusual punishment under the Eighth Amendment; (3) violation of his rights under the Twenty-Sixth Amendment; (4) false imprisonment; and, (5) conspiracy.[18] Mr. Fennell seeks damages and injunctive relief, requesting "restraining orders" against the three state actors under our civil rights laws.[19] Agent Fallock now moves to dismiss Mr. Fennell's claims against him, arguing (1) the Eleventh Amendment bars claims against him acting in his "official capacity" and (2) Mr. Fennell fails to state a claim against him in his "personal capacity." We agree with Agent

2

Fallock but as Mr. Fennell raises a variety of new facts in his opposition, we grant him leave to amend if he can state claims based upon a good faith understanding of the facts.

**II.     Analysis.**

**A.     The Eleventh Amendment bars damage claims against Agent Fallock in his "official capacity."[20]**

Agent Fallock argues the Eleventh Amendment bars Mr. Fennell's claims for damages against him in his official capacity.[21]

Under the Eleventh Amendment, "states are immune from suit by private parties in federal court."[22] Immunity extends to state officials sued in their "official capacity."[23] "The Pennsylvania Board of Probation and Parole and its employees in their official capacities are an arm of the Commonwealth entitled to Eleventh Amendment immunity."[24] The Eleventh Amendment does not bar suits against state officials sued in their "personal" or "individual" capacity.[25]

Mr. Fennell sues Agent Fallock in his "individual" and "official" capacity.[26] To the extent Mr. Fennell sues Agent Fallock for damages for actions taken in his "official capacity," we dismiss these claims. But the Eleventh Amendment does not bar claims against Agent Fallock in his "individual capacity."

**B.     We dismiss Mr. Fennell's claim for denial of due process.**

Mr. Fennell alleges Agent Fallock denied him due process following his technical parole violation for unsuccessful discharge. Mr. Fennell alleges Agent Fallock, conspiring with Warden Kuykendall, "illegally detain[ed] [Mr. Fennell] under violations (tech) unsuccessful discharge, which led to [Mr. Fennell] being falsely imprisoned for 60 days without a due process."[27] Mr. Fennell also alleges Agent Fallock gave him a preliminary hearing and he never heard from Agent Fallock again.[28] Mr. Fennell alleges he "maxed out a 60 day parole sentence without any full due

3

process that would ultimately deem [him] innocent[.]"²⁹ Agent Fallock argues Mr. Fennell fails to state a claim or the *Heck* doctrine bars his due process claims. We agree with Agent Fallock.

To state a claim under § 1983, Mr. Fennell must allege Agent Fallock, acting under color of law, violated his constitutional or statutory rights, and caused the complained of injury.³⁰ Mr. Fennell must allege Agent Fallock's "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior."³¹

### i.     Mr. Fennell fails to state a claim for denial of due process.

Agent Fallock argues Mr. Fennell fails to state a due process claims because he received adequate due process under the circumstances. Under the Fourteenth Amendment, states must give parolees due process before revoking parole.³² In *Morrisey v. Brewer*, two parolees brought habeas claims alleging the Iowa parole board violated due process by revoking their parole without a hearing.³³ Both the District Court for the Southern District of Iowa and the Court of Appeals for the Eighth Circuit found due process did not mandate a hearing before revoking parole.³⁴ The Supreme Court reversed, holding to satisfy due process under the Fourteenth Amendment, a state must give a parolee two separate hearings before revoking parole: (1) a preliminary hearing "for the purpose of determining whether or not probable cause exists as to the alleged violations;" and (2) a final revocation hearing with an "evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation.³⁵ "The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody."³⁶

Pennsylvania codified the due process requirements from *Morrisey* in its administrative code. Section 71.2 of the Pennsylvania Code governs the Parole Board's proceedings for a parolee's technical violation.³⁷ The Pennsylvania Parole Board must schedule a parolee's preliminary hearing within 14 days after the Commonwealth detains the parolee for a technical

4

parole violation.[38] If at the preliminary hearing, the examiner finds probable cause for the technical violation, the Board must schedule the second hearing—the "violation hearing"—no later than 120 days after the preliminary hearing.[39] "If probable cause is found to exist at the preliminary hearing then a revocation hearing must be held before parole is revoked[.]"[40]

Mr. Fennell fails to state a claim for denial of due process. Mr. Fennell concedes Agent Fallock gave him a preliminary hearing for a technical parole violation.[41] Mr. Fennell does not allege Agent Fallock untimely scheduled the preliminary hearing. The Commonwealth then imprisoned Mr. Fennell for sixty days.[42] Mr. Fennell also concedes he "maxed out" his sentence before the Parole Board could hold a final hearing to revoke his parole.[43] Because he does not allege the Parole Board revoked his parole, Mr. Fennell received adequate due process under the circumstances. We dismiss Mr. Fennell's due process claim.

### ii. The *Heck* doctrine bars Mr. Fennell's claim for denial of due process in his parole revocation proceedings.[44]

Agent Fallock argues the Supreme Court's decision in *Heck v. Humphrey* bars Mr. Fennell's due process claim. In *Heck*, a jury in Indiana convicted the plaintiff of voluntary manslaughter for killing his wife.[45] During his criminal appeal, the plaintiff sued prosecutors and a police investigator under § 1983 alleging unlawful arrest, destruction of exculpatory evidence, and unlawful use of a voice-identification procedure at his trial for manslaughter.[46] During his § 1983 case, the Indiana Supreme Court affirmed his criminal conviction.[47] The U.S. Supreme Court held "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[48]

5

Because the plaintiff could not show one of those conditions, he could not proceed with a § 1983 claim challenging his conviction.[49] The Supreme Court instructed:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[50]

Our Court of Appeals determined the *Heck* doctrine bars claims for denial of due process in parole revocation proceedings.[51] In *McKinney v. Pennsylvania Board of Probation & Parole*, the plaintiff sued the parole board under § 1983.[52] The plaintiff alleged the board denied him due process by revoking his parole without a preliminary or final revocation hearing.[53] Our colleague Judge Savage dismissed the complaint.[54] Our Court of Appeals affirmed, finding the *Heck* doctrine bars the due process claim.[55] The court explained success on the plaintiff's due process claim "would necessarily imply the invalidity of the fact and the duration of his state confinement, which have not been elsewhere invalidated."[56] The court of appeals further explained the plaintiff must seek habeas relief to challenge his illegitimate detainment following his parole violation.[57]

The *Heck* doctrine bars Mr. Fennell's due process claim. Mr. Fennell alleges Agent Fallock conspired with Warden Kuykendall to unlawfully detain him for a technical parole violation. Mr. Fennell alleges Agent Fallock gave him only a preliminary hearing following the unsuccessful discharge violation. He further alleges detainment for the remainder of his sentence without a final violation hearing "ultimately deem[ing] [him] innocent."[58] Mr. Fennell does not allege a court has invalidated his confinement stemming from his technical parole violation. Like *McKinney*, success on his due process claim would "necessarily imply the invalidity" of Mr. Fennell's sixty-day confinement following the technical violation. We dismiss Mr. Fennell's claim for denial of due process.[59]

6

### B. Mr. Fennell fails to state an Eighth Amendment claim.

Mr. Fennell claims Agent Fallock violated his Eighth Amendment rights. Agent Fallock argues Mr. Fennell cannot state a claim for overdetention under the Eighth Amendment. Mr. Fennell can state a claim for cruel and unusual punishment under the Eighth Amendment for "[s]ubjecting [him] to detention beyond the termination of his sentence[.]"[60] He cannot state a valid Eighth Amendment claim for "the mere failure to allow [him] to be released on parole before his maximum sentence expires[.]"[61]

In *LeBeau v. Raith*, the plaintiff alleged her probation officer wrongfully reported a probation violation resulting in her arrest and detainment for eight days.[62] Judge Pratter held the plaintiff failed to state a claim for overdetention under the Eighth Amendment.[63] She explained while the Commonwealth detained the plaintiff for a probation violation, the plaintiff did not allege she "was imprisoned beyond a court-sanctioned release date."[64]

Mr. Fennell alleges detainment for a technical parole violation. He does not allege Agent Fallock detained him beyond a court-ordered release date. Mr. Fennell argues he "maxed out" his remaining sentence after sixty days.[65] We dismiss Mr. Fennell's Eighth Amendment claim against Agent Fallock.

### C. Mr. Fennell fails to state a conspiracy claim.

Mr. Fennell alleges Warden Kuykendall "conspired with Agent Fallock" to illegally detain him for a technical parole violation.[66] Agent Fallock argues Mr. Fennell fails to allege facts showing an agreement between Warden Kuykendall and Agent Fallock.[67]

To state a claim for conspiracy under § 1983, Mr. Fennell must allege: "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy."[68] Mr. Fennell must allege "factual allegations of

7

combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events."[69]

Mr. Fennell pleads no facts showing an agreement to conspire to carry out the chain of events. Mr. Fennell merely concludes Mr. Fennell conspired with Warden Kuykendall. Mr. Fennell cannot state a claim for conspiracy with a legal conclusion.[70] In his response, Mr. Fennell alleges Warden Kuykendall told him she will be "giving Agent Fallock back his money" to move Mr. Fennell to a new facility.[71] Since Mr. Fennell did not allege this in his complaint in good faith under the Rule 11 obligations, we cannot consider this fact.[72] We grant Mr. Fennell leave to amend to adequately plead a conspiracy claim. We grant Agent Fallock's motion to dismiss Mr. Fennell's claim for conspiracy.

### D. We dismiss Mr. Fennell's Twenty-Sixth Amendment claim.

Mr. Fennell requests "$200,000.00 for the violation of [his] 26th Amendment Right."[73] Under the Twenty-Sixth Amendment of the United States Constitution, "the right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by the United States or by any State on account of age."[74] Mr. Fennell fails to allege facts showing Agent Fallock denied him the right to vote. We dismiss Mr. Fennell's claim under the Twenty-Sixth Amendment.

Assuming Mr. Fennell alleges a violation of Article One, Section Twenty-Six of the Pennsylvania Constitution, Agent Fallock argues Mr. Fennell cannot claim monetary damages under the Pennsylvania Constitution.[75] We agree with Agent Fallock to the extent Mr. Fennell claims monetary damages under Article One, Section Twenty-Six.

Under the Pennsylvania Constitution, "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate

8

against any person in the exercise of any civil right."[76] Courts do not recognize a cause of action under the Pennsylvania Constitution for monetary damages.[77] To the extent Mr. Fennell claims monetary damages for violation of the Pennsylvania Constitution, we dismiss these claims.

### E. We dismiss Mr. Fennell's false imprisonment claim.

Mr. Fennell alleges Agent Fallock falsely imprisoned him for sixty days following a technical parole violation.[78] Agent Fallock argues Mr. Fennell fails to state a claim for false imprisonment or the *Heck* doctrine bars his claims. We agree with Agent Fallock.

#### i. Mr. Fennell fails to state a claim for false imprisonment.

To state a claim for false imprisonment, Mr. Fennell must allege facts showing "(1) [his] detention . . . and (2) the unlawfulness of such detention."[79] "A false imprisonment claim under § 1983 which is based on an arrest made without probable cause . . . is grounded in the Fourth Amendment's guarantee against unreasonable seizures."[80]

A plaintiff cannot state a claim for false imprisonment when his detention is based on probable cause, regardless of whether he was guilty of a parole violation.[81] In *McBride v. O'Brien*, the plaintiff sued his probation officer for false imprisonment alleging the officer issued a false "Violation of Probation" Detainer to prevent him from obtaining information to defend against newly-filed criminal charges.[82] The plaintiff received a preliminary hearing on his criminal charges and a magistrate judge determined there was probable cause to hold the plaintiff on the new charges.[83] The district court found because the probation officer detained the plaintiff based on probable cause determined by the magistrate judge, the plaintiff could not state a claim for false imprisonment.[84]

Mr. Fennell's claim is like the plaintiff's claim in *McBride*. Mr. Fennell alleges he had a preliminary parole hearing concerning his parole violation and the Commonwealth detained him

9

for sixty days.[85] Mr. Fennell does not allege the examiner failed to find probable cause at the preliminary hearing supporting further detention for the technical parole violation.[86] Rather, Mr. Fennell alleges Agent Fallock conspired with Warden Kuykendall to "illegally detain [him] under" a technical violation of unsuccessful discharge.[87] As explained, Mr. Fennell fails to allege any facts supporting a conspiracy between Warden Kuykendall and Agent Fallock. Mr. Fennell fails to allege Agent Fallock witnessed Sgt. Stamitz's abuse or Warden Kuykendall's attempts to cover up the abuse. Thus, Agent Fallock could rely on Warden Kuykendall's report of unsuccessful discharge. As Mr. Fennell's detainment stemmed from the examiner's finding of probable cause, he cannot pursue a false imprisonment claim against Agent Fallock. We dismiss this claim with leave to amend for an alternative theory if based in a good faith understanding of the facts.[88]

### ii. The *Heck* doctrine bars Mr. Fennell's claim for false imprisonment.

Agent Fallock argues the *Heck* doctrine bars Mr. Fennell's false imprisonment claim. Our Court of Appeals instructs the Supreme Court's *Heck* decision applies to a parolee's claim for false imprisonment following a parole violation.[89] In *McBride*, the court found the *Heck* doctrine barred the plaintiff's false imprisonment claim.[90] As explained, the plaintiff in *McBride* sued his probation officer for false imprisonment alleging the officer issued a false probation detainer to prevent him from obtaining information to defend against his criminal charges. Although the plaintiff did not receive a final probation revocation hearing, the court found the *Heck* rule barred the claim because a favorable ruling on the plaintiff's false imprisonment claim "would necessarily imply the invalidity of his detention for the alleged probation violation."[91]

Mr. Fennell has not alleged a court invalidated the examiner's decision concerning his unsuccessful discharge. Since a finding Agent Fallock falsely imprisoned Mr. Fennell would invalidate the examiner's finding of probable cause for detention and thus his subsequent

10

detention, the *Heck* doctrine bars Mr. Fennell's claim for false imprisonment. We grant Agent Fallock's motion to dismiss Mr. Fennell's false imprisonment claim.

## F.    Mr. Fennell fails to state a claim for injunctive relief against Agent Fallock.

Mr. Fennell requests a "restraining order" against Agent Fallock.[92] Agent Fallock argues Mr. Fennell's release from his supervision moots his claims for injunctive relief. He also argues the Commonwealth has not waived sovereign immunity for injunctive relief claims under the Pennsylvania Constitution.

### i.    Mr. Fennell's claims for injunctive relief under § 1983 are moot.

Agent Fallock argues Mr. Fennell's claims for injunctive relief are moot. We agree. In *Cobb v. Yost*, a prisoner brought claims against the prison warden for injunctive relief under the Fifth and Eighth Amendments alleging inadequate medical care.[93] While his case was pending, the Commonwealth released him from prison.[94] Our Court of Appeals held because the warden no longer supervised the plaintiff, his injunctive relief claims were moot. Explaining whether the plaintiff's case presented a question "capable of repetition yet evading review," the court found such exception to the mootness doctrine did not apply.[95] The plaintiff could not overcome the mootness doctrine with mere speculation he might return to prison.[96]

Mr. Fennell alleges he served his maximum sentence following his technical parole violation and "never heard from" Agent Fallock again.[97] We find because Mr. Fennell completed his maximum sentence for which he received parole and Agent Fallock no longer supervises him, any injunctive relief would be moot.[98] Mr. Fennell cannot overcome the mootness doctrine with mere speculation he may return to Agent Fallock's supervision.[99]

11

### ii. Mr. Fennell fails to state a claim for injunctive relief under the Pennsylvania Constitution.

Agent Fallock argues assuming Mr. Fennell attempted to claim a violation of Article One, Section Twenty-Six of the Pennsylvania Constitution, the Commonwealth has not waived sovereign immunity for his claims for injunctive relief.

While we acknowledge Agent Fallock cites authority supporting his argument, we find conflicting authority allowing claims for injunctive relief under the Pennsylvania Constitution.[100] We need not resolve this conflict since Agent Fallock no longer supervises him. His claims are moot. We grant Agent Fallock's motion to dismiss his claims for injunctive relief under the Pennsylvania Constitution.

### III. Conclusion.

In an accompanying Order, we dismiss Mr. Fennell's Second Amended Complaint against Agent Fallock. We grant Mr. Fennell leave to timely amend to adequately state a claim.

---

[1] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[2] ECF Doc. No. 16 at p. 4.

[3] *Id.* at p. 5.

12

⁴ *Id.*

⁵ *Id.*

⁶ *Id.*

⁷ *Id.*

⁸ *Id.*

⁹ *Id.*

¹⁰ *Id.*

¹¹ *Id.*

¹² *Id.*

¹³ *Id.* In his motion to dismiss, Agent Fallock attaches the "Notice of Charges and Hearing" sheet from Mr. Fennell's technical parole violation for unsuccessful. ECF Doc. No. 19-1. Agent Fallock argues because Mr. Fennell relies on the technical violation charge, we can consider the notice without converting the motion to summary judgment. We find it unnecessary to rely on the charge sheet.

¹⁴ ECF Doc. No. 16, at p. 5.

¹⁵ *Id.*

¹⁶ *Id.*

¹⁷ *Id.*

¹⁸ In his response to Agent Fallock's motion to dismiss, Mr. Fennell includes new claims: (1) false imprisonment under 61 Pa. C.S. § 6138, (2) failure to file a waiver of service, and (3) failure to notify Mr. Fennell of an entry of appearance. ECF Doc. No. 20, at pp. 6-7. There is no cause of action for failure to file a waiver of service or notify him of an entry of appearance. To the extent 61 Pa. C.S. § 6138 provides Mr. Fennell a cause of action, Mr. Fennell may amend his complaint to plead the claim under our accompanying Order.

¹⁹ ECF Doc. No. 16, at p. 5.

²⁰ A motion to dismiss under Eleventh Amendment immunity is properly analyzed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). "An actual determination must be

made whether subject matter jurisdiction exists before a court may turn to the merits of a case." *Tagayun v. Lever & Stolzenberg*, 239 F. App'x 708, 710 (3d Cir. 2007).

[21] ECF Doc. No. 19, at p. 5.

[22] *Foster v. McLaughlin*, 203 F. Supp. 3d 483, 487 (E.D. Pa. 2016) (citing *Tennessee v. Lane*, 541 U.S. 509, 517 (2004)).

[23] *Foster*, 203 F. Supp. 3d at 487.

[24] *Dill v. Oslick*, No. 97-6753, 1999 WL 508675, at *3 (E.D. Pa. July 19, 1999); *see also Wood v. Pennsylvania Bd. of Prob. & Parole*, No. 08-76J, 2009 WL 1913301, at *3 (W.D. Pa. July 2, 2009).

[25] *Foster*, 203 F. Supp. 3d at 487.

[26] ECF Doc. No. 16, at p. 3.

[27] *Id.* at p. 5.

[28] *Id.*

[29] *Id.*

[30] *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (citing *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998)).

[31] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

[32] *Barth v. Warden, FCI Fort Dix*, No. 09-3519, 2009 WL 2634656, at *3 (D.N.J. Aug. 25, 2009) (citing *Morrissey v. Brewer*, 408 U.S. 471, 483 (1972)).

[33] 408 U.S. 471 (1972).

[34] *Morrissey*, 408 U.S. at 474.

[35] *Id.* at 487-88; *see also Pers. v. Pennsylvania Bd. of Prob. & Parole*, No. 98-2149, 1999 WL 973852, at *7 (E.D. Pa. Oct. 20, 1999).

[36] *Morrissey*, 408 U.S. at 488.

[37] Mr. Fennell alleges the technical violation of "unsuccessful discharge." ECF Doc. No. 16, at p. 5.

[38] 37 Pa. Code § 71.2(1)(ii).

14

[39] *Id.* § 71.2(9), (10).

[40] *Pers.*, 1999 WL 973852, at *7.

[41] ECF Doc. No. 16, at p. 5.

[42] *Id.*

[43] *Id.*

[44] Agent Fallock also argues qualified immunity bars Mr. Fennell's due process claim. ECF Doc. No. 19, at p. 19. Because we find Mr. Fennell fails to state a claim and the *Heck* doctrine bars any such claim, we need not determine whether qualified immunity applies.

[45] *Heck v. Humphrey*, 512 U.S. 477, 478 (1994).

[46] *Id.* at 478-79.

[47] *Id.* at 479.

[48] *Id.* at 486-87.

[49] *Id.*

[50] *Id.* at 487.

[51] *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) ("[B]ecause the Parole Board's decision has not been rendered invalid, Williams may not attack it via a § 1983 action[.]"); *Hess v. Chronister*, 247 F. App'x 377, 380 (3d Cir. 2007) (explaining plaintiff's "§ 1983 claims regarding his detention for violation of the terms of his parole without a hearing or notice of the charges against him are barred by *Heck*" since success on his Fourteenth Amendment claims would "necessarily imply that his confinement was invalid"); *see also Pleaze v. Young*, No. 09-0240, 2009 WL 506856, at *2 (M.D. Pa. Feb. 27, 2009) ("Because an action attacking the validity of parole proceedings calls into question the fact and duration of confinement, it must satisfy the *Heck* element.").

[52] 405 F. App'x 646 (3d Cir. 2010).

[53] *McKinney*, 405 F. App'x at 647.

[54] *Id.*

[55] *Id.*

[56] *Id.*

⁵⁷ *Id.* at 647-48 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)) (stating that "when a state prisoner is challenging the very fact or duration of his physical imprisonment," his "sole federal remedy is a writ of habeas corpus").

⁵⁸ ECF Doc. No. 16, at p. 5.

⁵⁹ Mr. Fennell argues because Agent Fallock denied him a hearing "that would've helped vindicate" him, the *Heck* doctrine does not apply. While Mr. Fennell could have vindicated himself at the violation hearing, the *Heck* doctrine precludes his § 1983 claim until his detention has been "elsewhere invalidated."

⁶⁰ *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993).

⁶¹ *Urruita v. PA Atty. Gen.*, No. 13-0577, 2014 WL 6982993, at *5 (M.D. Pa. Dec. 9, 2014) (citing *Josey v. Pennsylvania Bd. of Prob. & Parole*, No. 13-0043, 2014 WL 310448, at *5 (M.D. Pa. Jan. 28, 2014)).

⁶² No. 17-38, 2017 WL 2264639, at *5 (E.D. Pa. May 24, 2017).

⁶³ *LeBeau*, 2017 WL 2264639, at *5.

⁶⁴ *Id.*

⁶⁵ ECF Doc. No. 16, at p. 5.

⁶⁶ *Id.*

⁶⁷ ECF Doc. No. 19, at p. 13-14.

⁶⁸ *Gale v. Storti*, 608 F. Supp. 2d 629, 635 (E.D. Pa. 2009).

⁶⁹ *Real v. Dunkle*, No. 11-2071, 2012 WL 1392334, at *8 (M.D. Pa. Apr. 23, 2012) (quoting *Hammond v. Creative Fin. Planning Org., Inc.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992)).

⁷⁰ *Luck v. Mount Airy No. 1, LLC*, 901 F. Supp. 2d 547, 559 (M.D. Pa. 2012) (quoting *Flanagan v. Shively*, 783 F. Supp. 922, 928 (M.D. Pa. 1992) ("Bare conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy.").

⁷¹ ECF Doc. No. 20, at p. 3 ¶ 1.

⁷² *Hammond v. City of Philadelphia*, No. 00-5082, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion.").

⁷³ ECF Doc. No. 16, at p. 5.

[74] U.S. Const. amend. XXVI.

[75] In his *pro se* complaint, Mr. Fennell alleges violations of the "26th Amendment; to deny the enjoyment of any civil rights." ECF Doc. No. 16, at p. 3. We liberally construe a *pro se* plaintiff's complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[76] Pa. Const. art. 1, § 26.

[77] *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 908 F. Supp. 2d 597, 617 (M.D. Pa. 2012).

[78] ECF Doc. No. 16, at p. 5.

[79] *McBride v. O'Brien*, No. 14-1129, 2015 WL 5167885, at *10 (W.D. Pa. Sept. 3, 2015), *aff'd*, 646 F. App'x 277 (3d Cir. 2016).

[80] *James v. City of Wilkes-Barre*, 700 F.3d 675, 683 (3d Cir. 2012).

[81] *McBride*, 2015 WL 5167885, at *10; *see also Wenk v. New Jersey Dep't of Corr.*, No. 16-2907, 2016 WL 3912027, at *3 (D.N.J. July 19, 2016) ("A § 1983 claim of false arrest requires, as a necessary component, that there was no probable cause to arrest or imprison the plaintiff.").

[82] *McBride*, 2015 WL 5167885, at *10.

[83] *Id.*

[84] *Id.*

[85] ECF Doc. No. 16, at p. 5.

[86] 37 Pa. Code § 71.2(4) ("The preliminary hearing shall be held before an examiner."); *Id.* § 71.2(8) ("If the examiner finds that none of the allegations were supported by probable cause, the parolee shall be released as soon as practicable.").

[87] ECF Doc. No. 16, at p. 5.

[88] In his response to the motion to dismiss, Mr. Fennell clarifies his false imprisonment theory. Mr. Fennell alleges Agent Fallock placed him in a "contracted county jail" in violation of 61 Pa. C.S. § 6138. Mr. Fennell failed to plead this theory and the supporting facts in his complaint. We grant Mr. Fennell leave to amend his complaint to adequately plead this claim.

[89] *Consovoy*, 453 F.3d at 177 (affirming dismissal of false imprisonment claim against parole board and parole officers as barred by the *Heck* doctrine); *Lyszkowski v. Gibbons*, 686 F. App'x 87, 91 (3d Cir. 2017) ("*Heck* applies to claims against probation officer related to probation revocation decisions."); *McBride v. O'Brien*, 646 F. App'x 277, 278 (3d Cir. 2016) ("McBride seeks damages

under § 1983 for his incarceration resulting from the issuance of a probation violation detainer. To the extent that McBride alleges that his confinement on the detainer violates federal law, a favorable outcome would necessarily demonstrate the invalidity of his detention."); *Beaver v. Delaware Cty. Prob. & Parole*, No. 15-2784, 2016 WL 4366977, at *6 (E.D. Pa. Aug. 16, 2016).

[90] *McBride*, 2015 WL 5167885, at *6.

[91] *Id.*

[92] ECF Doc. No. 16, at p. 5.

[93] *Cobb v. Yost*, 342 F. App'x 858, 858 (3d Cir. 2009).

[94] *Id.* at 859.

[95] *Id.*

[96] *Id.*

[97] ECF Doc. No. 16, at p. 5.

[98] *McKinney v. Pennsylvania Bd. of Prob. & Parole*, No. 09-3679, 2010 WL 2720631, at *1 (E.D. Pa. July 7, 2010), *aff'd*, 405 F. App'x 646 (3d Cir. 2010) ("McKinney has since been released from DOC custody and is not under [Parole Board] supervision. Thus, his injunctive relief claims are moot.").

[99] Mr. Fennell alleges he is a "pretrial detainee" at Northampton County Prison. ECF Doc. No. 16, at p. 4. He does not allege he has yet received a sentence for any alleged crime for which the Commonwealth now holds him. We can only speculate whether Mr. Fennell will receive a new sentence, he will receive parole, and Agent Fallock will supervise Mr. Fennell on parole.

[100] *See Chimenti v. Wetzel*, No. 15-3333, 2018 WL 3388305, at *12 (E.D. Pa. July 12, 2018) (quoting *Collins v. State*, No. 96-2013, 2013 WL 5874770, at *3 (Pa. Commw. Ct. Oct. 31, 2013)) ("[T]he General Assembly has not waived immunity for equitable claims seeking affirmative action by way of injunctive relief."); *but see Sauers v. Lower Southampton Twp.*, No. 16-2325, 2016 WL 7319679, at *4 (E.D. Pa. Dec. 15, 2016), *aff'd*, 722 F. App'x 255 (3d Cir. 2018) ("Injunctive relief, however, is an available remedy for violations of the Pennsylvania Constitution."); *Passalacqua v. City of Philadelphia*, No. 14-5618, 2016 WL 7049051, at *16 (E.D. Pa. Dec. 2, 2016) ("Although monetary relief is barred for claims under the Pennsylvania Constitution, equitable remedies are available, and Plaintiff can sue for injunctive relief.").