# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMARCUS FENNELL | : CIVIL ACTION |
|---|---|
| v. | : NO. 18-4226 |
| WARDEN LAURA KUYKENDALL, *et al* | : |

## MEMORANDUM

**KEARNEY, J.**  May 8, 2019

Frequent *pro se* litigant JaMarcus Fennell alleges several state actors violated his constitutional rights while housed at a work release center following time in state prison. As Mr. Fennell should know from our dismissals of his two earlier complaints in this case and in his other *pro se* lawsuits, he may proceed into discovery on his civil rights claims only against state actors who personally participated in the challenged conduct. We today address his allegations in a Third Amended Complaint against a parole agent for offenses with no connection to the agent. As Mr. Fennell cannot plead the agent's personal involvement in the challenged conduct, we grant the parole agent's motion to dismiss. We dismiss all claims against the parole agent with prejudice except we dismiss a conspiracy claim allegedly involving the Warden relating to a technical violation without prejudice should Mr. Fennell discover facts suggesting an agreement or understanding between these state actors to technically violate him.

I.      **Alleged facts.**

On February 28, 2018, state parolee JaMarcus Fennell arrived at the Lehigh County Work Release Center from State Correctional Institute Dallas.[1] During his stay at Lehigh, he received eight misconduct reports without hearings.[2] On March 8, 2018, Mr. Fennell asked to grieve his misconduct reports.[3] Unnamed staff members told him he could not grieve the misconducts but instead must address the issue with Sergeant Kurt Stamitz.[4] Mr. Fennell went to Sergeant Stamitz's office and asked about a hearing for his misconducts.[5] Sergeant Stamitz told Mr. Fennell to leave his office and threatened him with violence.[6]

On March 9, 2018, Counselor Latiff Matt told Mr. Fennell Lehigh had no grievance process for state parolees and he would have to "make amends" with Sergeant Stamitz.[7] The same day, Mr. Fennell saw Sergeant Stamitz who laughed and said he would not hurt Mr. Fennell.[8]

During the following week, an unnamed sergeant told Mr. Fennell "[n]ot to f\*\*k with Kurt" and gave him a misconduct for his cellmate's towel hanging in the cell.[9] At some point, unnamed officials refused to allow Mr. Fennell to attend his church.[10]

On March 14, 2018, Parole Agent Brian Fallock and Sergeant Stamitz approached Mr. Fennell and another inmate.[11] Sergeant Stamitz motioned to Mr. Fennell and the inmate and said, "Do you see these two . . . you two are next."[12] Agent Fallock then said, "You two are definitely next."[13] Mr. Fennell responded he would stay out of trouble.[14] Agent Fallock and Sergeant Stamitz then threatened him and told him "they can work together" to issue Mr. Fennell misconduct reports.[15] They showed him a paper reading "16 misconducts lead to an unsuccessful discharge from [the] facility."[16]

Sergeant Stamitz then ordered Mr. Fennell into a small corridor and screamed at him with his fists balled up.[17] Mr. Fennell walked away and Sergeant Stamitz continued to threaten and

2

harass him.[18] Minutes later, Officer Holmes told Mr. Fennell he could not leave the facility due to a "safety concern" and he must meet with Warden Laura Kuykendall to discuss the concern.[19] Mr. Fennell responded he had no safety concern, but rather a concern about retaliation.[20] Sergeant Stamitz then invited Mr. Fennell into his office but Mr. Fennell refused.[21] Sergeant Stamitz harassed him and he began to cry.[22] Sergeant Stamitz, Officer Holmes, and three other unnamed officers took Mr. Fennell to a "hook cell" and shouted at him.[23] Mr. Fennell suffered a panic attack and Sergeant Stamitz continued to yell at him and threaten him.[24] Hospital employees took Mr. Fennell to St. Luke's Hospital where medical officials diagnosed him with a severe panic attack and a borderline heart attack.[25] When he arrived back at Lehigh the same day, Officer Jones strip searched him.[26]

On March 15, 2018, Mr. Fennell met with Warden Kuykendall.[27] Mr. Fennell explained his grievance issues and the incidents with Sergeant Stamitz.[28] Warden Kuykendall responded, "[L]ook I'm giving Fallock his money back that was given to house you and I'm going to give you an administrative transfer due to your safety concerns, and that way you can't be violated for any unsuccessful discharges."[29] Warden Kuykendall told Mr. Fennell she believed his account of Sergeant Stamitz's treatment.[30]

After leaving Warden Kuykendall's office, Counselor Latiff Matt told Mr. Fennell he would receive a technical parole violation for unsuccessful discharge from Lehigh.[31] He told Mr. Fennell Warden Kuykendall made this decision.[32]

On March 16, 2018, two unknown parole agents transferred Mr. Fennell to Lackawanna County Prison.[33] Mr. Fennell received a parole hearing sometime around April 11, 2018.[34] He alleges the hearing examiner Mr. Campbell was not qualified as an examiner.[35] Mr. Campbell denied Mr. Fennell the ability to cross examine witnesses during the hearing.[36]

3

On May 16, 2018, unnamed officials released Mr. Fennell from Lackawanna County Prison.³⁷ Mr. Fennell never received a second parole hearing.³⁸

In his Third Amended Complaint, Mr. Fennell sues Warden Kuykendall, Sergeant Stamitz, Agent Fallock, the Lehigh Work Release Center, Counselor Latiff Matt, Hearing Examiner Campbell, and Officers Jones, Holmes, Jane Doe, and John Doe under 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights. As of today, only Agent Fallock has moved to dismiss the Third Amended Complaint.³⁹

As material today, he sues Agent Fallock for (1) false imprisonment under 61 Pa. C.S. § 6138; (2) depriving him of due process under the Fourteenth Amendment for failing to provide a timely initial parole hearing and failing to provide a final revocation hearing; and, (3) conspiracy under § 1983.

## II. Analysis.⁴⁰

Mr. Fennell sues Agent Fallock under 42 U.S.C. § 1983. To state a claim under § 1983, Mr. Fennell must allege Agent Fallock, acting under color of law, violated his constitutional or statutory rights, and caused the alleged injury.⁴¹ To state a § 1983 claim against an individual, Mr. Fennell must allege the individual's "personal involvement" in the constitutional violation.⁴² Liability against an individual defendant "cannot be predicated solely on the operation of respondeat superior."⁴³ Mr. Fennell can show Agent Fallock's personal involvement with allegations of "personal direction or of actual knowledge and acquiescence."⁴⁴

### A. We dismiss Mr. Fennell's claim against Agent Fallock under Section 6138(c).

Mr. Fennell alleges Agent Fallock violated 61 Pa. C.S. § 6138(c) arising from someone transferring him to Lackawanna County Prison following a technical parole violation. Agent

4

Fallock argues the Pennsylvania General Assembly does not provide a private cause of action for a Section 6138(c) violation.

Section 6138 details the Pennsylvania Parole Board's powers and duties concerning parole violators.[45] Under Section 6138(c), the Parole Board may detain a parolee following a technical parole violation:

> A parolee under the jurisdiction of the board who violates the terms and conditions of his parole, other than by the commission of a new crime of which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere in a court of record, may be detained pending a hearing before the board or waiver of the hearing or recommitted after a hearing before the board or a waiver of the hearing. Detention and recommitment under this paragraph shall be in a community corrections center or community corrections facility.[46]

The Parole Board need not house the technical parole violator in a community center or facility if it finds one of the following conditions:

> (i) The violation was sexual in nature.
>
> (ii) The violation involved assaultive behavior.
>
> (iii) The violation involved possession or control of a weapon.
>
> (iv) The parolee has absconded, and the parolee cannot be safely diverted to a community corrections center or community corrections facility.
>
> (v) There exists an identifiable threat to public safety, and the parolee cannot be safely diverted to a community corrections center or community corrections facility.[47]

Mr. Fennell essentially *pro se* alleges false imprisonment alleging his transfer to a jail instead of a community center following his technical parole violation. We dismissed Mr. Fennell's false imprisonment claim under the Fourth Amendment but allowed amendment since he first raised Section 6138 in his opposition to Agent Fallock's motion to dismiss his Second Amended Complaint.[48] But he now fails to show—and we find no authority showing—Section 6138 provides Mr. Fennell a private cause of action. Assuming he alleges a Section 6138 violation

5

establishes a constitutional violation, he fails to provide, and we fail to find, authority establishing such a claim.

Even assuming Mr. Fennell could bring a false imprisonment claim for a Section 6138 violation, he fails to allege facts showing Agent Fallock's personal involvement in his transfer to Lackawanna County Prison. As explained, to hold Agent Fallock liable under § 1983, Mr. Fennell must allege Agent Fallock's personal involvement by showing "personal direction or of actual knowledge and acquiescence."[49] Mr. Fennell alleges two unidentified parole agents transferred him to the prison, and Warden Kuykendall authorized the transfer.[50] He fails to plead Agent Fallock's personal involvement sufficient to state a claim against him. We dismiss his claim of false imprisonment against Agent Fallock.

### B.  We dismiss Mr. Fennell's due process claims against Agent Fallock.

Mr. Fennell alleges Agent Fallock deprived him of due process under the Fourteenth Amendment when he (1) failed to give Mr. Fennell a preliminary hearing within fourteen days of his technical parole violation under 37 Pa. Code § 71.2(3); (2) failed to give him a final revocation hearing under 37 Pa. Code § 71.2(10). We address each claim in turn.

#### 1.  Mr. Fennell fails to state a due process claim against Agent Fallock for denial of a timely preliminary hearing under 37 Pa. Code § 71.2(3).

Mr. Fennell raises a new due process claim in his Third Amended Complaint. In his Second Amended Complaint, he received a preliminary parole revocation hearing. He now alleges the hearing did not satisfy the timing requirements of 37 Pa. Code § 71.2(3) which provides a parolee's preliminary parole revocation hearing "shall be held within 14 days of the detention of the parolee on the Board warrant."[51]

The Fourteenth Amendment provides a parolee due process before revoking his parole.[52] In *Morrisey v. Brewer*, the Supreme Court determined the contours of due process required under

6

the Fourteenth Amendment before revoking parole.[53] The Supreme Court held the state must provide the parolee with two separate hearings before revoking parole: (1) a preliminary hearing "to determine whether there is probable cause to believe he has committed a parole violation."; and (2) a final revocation hearing with an "evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation."[54] The Court explained the state must hold the final hearing "within a reasonable time" after taking the parolee into custody.[55]

Under Pennsylvania law, the Pennsylvania Parole Board must give a parolee a preliminary hearing "within 14 days of the detention of the parolee on the Board warrant."[56] If warranted, the hearing examiner may schedule a final revocation hearing "no later than 120 days after the preliminary hearing."[57] The Pennsylvania Code establishes the Parole Board's responsibility to provide a preliminary hearing.

We have no basis to find Agent Fallock has any role in scheduling these hearings. Mr. Fennell fails to allege facts showing Agent Fallock's personal involvement in the failure to provide a timely hearing. Mr. Fennell cannot credibly allege Agent Fallock failed to provide a preliminary hearing since under Pennsylvania law, the Parole Board is responsible for scheduling the hearing.

We dismiss the due process claim against Agent Fallock for failure to provide a timely hearing.

### 2. Mr. Fennell fails to state a claim against Agent Fallock for failure to provide a final parole revocation hearing under 37 Pa. Code § 71.2(10).

Mr. Fennell alleges Agent Fallock denied him due process by failing to give him a final parole revocation hearing. Under Pennsylvania Code § 71.2(9), if after the preliminary hearing the examiner "finds probable cause and is of the opinion that a violation hearing is warranted, the examiner shall initiate the scheduling of a violation hearing[.]"[58] The examiner must schedule the final hearing "not later than 120 days after the preliminary hearing."[59]

7

Pennsylvania law establishes the hearing examiner's—in this case, Mr. Campbell's—responsibility for scheduling a final revocation hearing. Mr. Fennell cannot credibly state a claim against Agent Fallock for failure to provide a final revocation hearing. We dismiss this due process claim against Agent Fallock.[60]

### C. We dismiss Mr. Fennell's conspiracy claims against Agent Fallock.

Mr. Fennell alleges two separate conspiracies. He alleges Agent Fallock conspired with Sergeant Stamitz and Warden Kuykendall to issue him a false technical parole violation.[61] He also alleges Agent Fallock conspired with Latiff Matt, Sergeant Stamitz, Warden Kuykendall, and Officers Holmes, Jane Doe, and John Doe to retaliate against Mr. Fennell "for attempting to report abuse."[62]

#### 1. Mr. Fennell fails to state a conspiracy claim against Agent Fallock for issuing a false technical parole violation.

Mr. Fennell alleges Agent Fallock conspired with Warden Kuykendall and Sergeant Stamitz to issue him a false technical parole violation.[63] He alleged when he told Warden Kuykendall about his grievance, she responded "[L]ook I'm giving Fallock his money back that was given to house you and I'm going to give you an administrative transfer due to your safety concerns, and that way you can't be violated for any unsuccessful discharges."[64]

To state a claim for conspiracy under § 1983, Mr. Fennell must allege: "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy."[65] Mr. Fennell must also allege facts showing an "agreement or meeting of the minds to violate his constitutional rights."[66]

We fail to see how Warden Kuykendall's statement to Mr. Fennell shows a conspiracy among these Defendants to issue him a false technical violation. He pleads no facts showing an agreement among these Defendants. We have no fact from which we could infer Agent Fallock

8

had anything to do with issuing the technical violation. If discovery uncovers a relationship or agreement between Warden Kuykendall and Agent Fallock leading to a technical violation, he may move to amend to assert this conspiracy claim against Agent Fallock if he can state a federal claim.[67] In the interim, after three attempts, Mr. Fennell fails to plead a plausible conspiracy claim against Agent Fallock for issuing a false technical parole violation.

### 2. Mr. Fennell fails to state a conspiracy claim against Agent Fallock for conspiring to issue false misconduct reports.

Mr. Fennell separately alleges Agent Fallock conspired with Latiff Matt, Sergeant Stamitz, Warden Kuykendall, and Officers Holmes, Jane Doe, and John Doe to retaliate against Mr. Fennell "for attempting to report abuse."[68] To support his claim, he alleges both Agent Fallock and Sergeant Stamitz told him on March 14, 2018 they "can work together" to give him misconduct reports.[69]

Mr. Fennell fails to state a claim for conspiracy against Agent Fallock. He fails to allege Agent Fallock knew Mr. Fennell attempted to report abuse. He fails to allege facts connecting Agent Fallock to Officers Holmes, Jane Doe, or John Doe, let alone an agreement amongst these Defendants. Assuming the statement Agent Fallock and Sergeant Stamitz "can work together" to give him misconduct reports constitutes an agreement, it is unclear from his Third Amended Complaint whether Defendants issued him misconducts following the statement. Even if they did, issuing a misconduct report, even a false one, does not constitute a violation of constitutional rights.[70] Mr. Fennell does not allege the alleged conspirators denied him a misconduct hearing. Mr. Fennell fails to state a conspiracy claim against Agent Fallock to deprive Mr. Fennell of his constitutional rights.

9

## III. Conclusion.

In an accompanying Order, we dismiss Mr. Fennell's Third Amended Complaint against Agent Fallock only. We granted Mr. Fennell leave to amend his complaint to adequately state a claim against Agent Fallock. He failed to do so. We dismiss Agent Fallock with prejudice as to all claims but, should Mr. Fennell discover facts of an agreement or understanding between Warden Kuykendall and Agent Fallock to issue him a technical parole violation, he may timely pursue this conspiracy claim under federal or state law.

---

[1] ECF Doc. No. 24 (Mr. Fennell's Third Amended Complaint), at p. 16.

[2] *Id.*

[3] *Id.* at p. 18.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at p. 18-19.

[10] *Id.* at p. 19.

[11] *Id.* at p. 20.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

---

[16] *Id.*

[17] *Id.*

[18] *Id.* at p. 21.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at p. 22.

[25] *Id.*

[26] *Id.*

[27] *Id.* at p. 25.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at pp. 25-26.

[34] *Id.* at p. 26.

[35] *Id.*

[36] *Id.*

[37] *Id.* at p. 27.

[38] *Id.* at pp. 27-28.

³⁹ ECF Doc. No. 30. Mr. Fennell served Warden Kuykendall, Sergeant Stamitz, and Latiff Matt on April 19, 2019. ECF Doc. No. 33. These Defendants have not yet responded to Mr. Fennell's Third Amended Complaint. The United States Marshals Service could not locate Officers Holmes and Jones and Hearing Examiner Campbell for service. ECF Doc. No. 34. We ordered Mr. Fennell to show cause by June 3, 2019 as to why we should not dismiss Officers Holmes and Jones and Hearing Examiner Campbell for failure to prosecute. ECF Doc. No. 41. Mr. Fennell has not yet responded to our order.

⁴⁰ When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

⁴¹ *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (citing *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998)).

⁴² *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

⁴³ *Id.* (quoting *Rode*, 845 F.2d at 1207).

⁴⁴ *Id.* (quoting *Rode*, 845 F.2d at 1207).

⁴⁵ 61 Pa. C. S. § 6138.

⁴⁶ *Id.* § 6138(c)(1).

⁴⁷ *Id.* § 6138(c)(1)(i)-(v).

⁴⁸ ECF Doc. No. 22, at p. 12.

⁴⁹ *Evancho*, 423 F.3d at 353 (quoting *Rode*, 845 F.2d at 1207).

⁵⁰ ECF Doc. No. 24, at p. 25.

[51] 37 Pa. Code § 71.2(3).

[52] *Purdie v. Tierney*, 769 F. Supp. 864, 868 (E.D. Pa. 1991) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

[53] *Morrissey*, 408 U.S. at 471.

[54] *Id.* at 487-88.

[55] *Id.* at 488.

[56] 37 Pa. Code § 71.2(3).

[57] *Id.* § 71.2(10).

[58] *Id.* § 71.2(9).

[59] *Id.* § 71.2(10).

[60] Mr. Fennell also claims Agent Fallock failed to establish probable cause for the parole violation. But under Pennsylvania law, the hearing examiner is responsible for establishing probable cause. *Id.* § 71.2(9). Mr. Fennell cannot credibly allege Agent Fallock failed to establish probable cause for his parole violation.

[61] ECF Doc. No. 24, at p. 24.

[62] *Id.* at p. 28.

[63] *Id.*

[64] *Id.* at p. 25.

[65] *Gale v. Storti*, 608 F. Supp. 2d 629, 635 (E.D. Pa. 2009).

[66] *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014).

[67] Mr. Fennell alleges he sues under 42 U.S.C. § 1985. This section governs conspiracies to (1) prevent a person for holding office, (2) prevent a witness or party from testifying in federal court, and (3) deny equal protection under the law. Mr. Fennell alleges no facts supporting a conspiracy under § 1985. He also alleges a conspiracy under § 1986, but such section concerns failure to prevent a § 1985 conspiracy.

[68] ECF Doc. No. 24, at p. 28.

[69] *Id.* at p. 20.

[70] *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (dismissing prisoner's due process claim explaining "mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim").