| JAMARCUS FENNELL | : CIVIL ACTION |
| | : |
| v. | : NO. 18-4226 |
| | : |
| WARDEN LAURA KUYKENDALL, *et al* | : |
| | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                      **June 7, 2019**

State parolee JaMarcus Fennell sues several state actors for allegedly violating his civil rights while in custody at the Lehigh County Work Release Center. He can only proceed to discovery in claims against state actors personally involved in violating his civil rights. In our May 8, 2019 Order, we dismissed all claims against Parole Agent Brian Fallock for failure to state a claim.[1] As Mr. Fennell cannot state a claim regarding personal involvement in violating his constitutional rights against Warden Laura Kuykendall, Sergeant Kurt Stametz[2] and Counselor Latiff Matt, we grant their motion to dismiss. We dismiss all claims in their official and individual capacities, except we grant Mr. Fennell leave to file a fourth amended complaint to possibly state a conspiracy claim allegedly involving Warden Kuykendall and Sergeant Stametz. We also dismiss his claims against Lehigh County Work Release Center, with leave to amend the complaint to identify a proper entity.

## I.    Alleged Facts

Unidentified officials transferred state parolee JaMarcus Fennell to the Lehigh County Work Release Center on February 28, 2018.[3] During his time at the Work Release Center, officers issued eight misconduct reports against Mr. Fennell.[4] On March 8, 2018, Mr. Fennell asked to grieve the misconduct reports, but unnamed staff members told him no grievance system existed.[5]

When Mr. Fennell went to Sergeant Stametz's office to inquire about a misconduct hearing, the Sergeant told him to leave and threatened him with violence.[6]

On March 9, 2018, Counselor Latiff Matt told Mr. Fennell the Center did not offer a grievance procedure for state parolees and he should make amends with Sergeant Stametz.[7] The same day, Mr. Fennell saw Sergeant Stametz who laughed and said he would not hurt Mr. Fennell.[8]

During the following week, an unnamed sergeant told Mr. Fennell "not to f**k with Kurt" and gave him a misconduct for his cellmate's towel hanging in the cell.[9] During this time, unnamed officials denied Mr. Fennell's requests to attend an outside church from March 1 through March 16, 2018, even though "the entire facility was allowed to attend, including county inmates."[10]

On March 14, 2018, Parole Agent Brian Fallock and Sergeant Stametz told Mr. Fennell they would "work together" to issue misconducts so Fennell's parole would be violated.[11] "Do you see these two…you two are next."[12] Agent Fallock said, "You two are definitely next."[13] The two men then showed Mr. Fennell a document reading "16 misconducts lead to an unsuccessful discharge from [the] facility."[14]

Sergeant Stametz later opened the door of the Work Release Center and screamed at Mr. Fennell, telling him to leave the facility so he could be charged with attempting to escape.[15] When Mr. Fennell walked away and told Sergeant Stametz he wanted to speak to his attorney, Sergeant Stametz followed him, asking him harassing questions, and threatened to kill him.[16]

During a conversation between Mr. Fennell and Correctional Officer Holmes, Sergeant Stametz interrupted and told Mr. Fennell to come into his office.[17] When Mr. Fennell refused, Sergeant Stametz called him a "p**sy."[18] Mr. Fennell began to cry and ask Sergeant Stametz why he treated him this way.[19] Sergeant Stametz then ordered Mr. Fennell to be taken to a "hook cell," where he suffered from a panic attack and a borderline heart attack.[20] For five minutes, Sergeant

2

Stametz left Mr. Fennell on the ground while telling him nothing is wrong with him.[21] Mr. Fennell then received medical attention and the officers transported him to St. Luke's Hospital.[22] While Mr. Fennell sat waiting for an ambulance, Sergeant Stametz spoke to him in a low tone of voice saying "Imma kill you. Imma kill you. Imma kill you."[23]

On March 15, 2018, Warden Kuykendall met with Mr. Fennell regarding his desire to file a grievance and concerns about his safety.[24] Warden Kuykendall told Mr. Fennell "look I'm giving [Agent] Fallock his money back that was given to house you and I'm going to give you an administrative transfer due to your safety concerns, and that way you can't be violated for any unsuccessful discharges." [25] When Mr. Fennell asked Warden Kuykendall to watch the surveillance videos of Sergeant Stametz's conduct, she replied, "No, I don't need to view it because I believe you."[26]

Sometime after the meeting, Counselor Matt told him Warden Kuykendall had cancelled his administrative transfer and he is now being given a technical parole violation because of his misconducts.[27]

On March 16, 2018, two unnamed parole agents transferred Mr. Fennell to Lackawanna County Prison.[28] Mr. Fennell received a parole hearing on April 11, 2018, but never received a second parole hearing. [29] On May 16, 2018, unnamed officials released Mr. Fennell from Lackawanna County Prison.[30]

**II.    Analysis**

Warden Laura Kuykendall, Sergeant Kurt Stametz, Correctional Officer Scott Holmes, Correctional Officer Debbie Jones and the Lehigh County Work Release Center move to dismiss Mr. Fennell's Third Amended Complaint, arguing Mr. Fennell failed to state a claim.[31]

3

Mr. Fennell sues Warden Kuykendall, Sergeant Stametz, Agent Fallock, Counselor Matt, Officer Holmes, Officer Jones, and Officer John Doe for conspiring to retaliate against him to get his parole violated. He sues Warden Kuykendall, Sergeant Stametz, Counselor Matt, and Lehigh County Work Release Center for violating his First Amendment rights by denying his request to leave the facility to attend church. He sues Sergeant Stametz for violating his Eighth Amendment rights by repeatedly threatening him with violence from March 8, 2018 through March 14, 2018. He sues Sergeant Stametz, Officer Holmes, Counselor Matt, and Officer Jones for violating his Fifth and Fourteenth Amendment due process rights by issuing him misconduct violations. He sues Officer Holmes for violating his Fourth Amendment right to be free from unreasonable searches, by conducting a cavity strip search upon return to the Work Release Center. He sues Warden Kuykendall, Sergeant Stametz, Agent Fallock, Counselor Matt, Officer Holmes, Officer Jones, and Officer John Doe for retaliating against him for attempting to file a grievance by issuing him false misconduct reports.

We dismissed the Third Amended Complaint against Agent Fallock on May 8, 2019, for failure to state a claim.[32] We also dismissed the Third Amended Complaint against Officer Holmes and Officer Jones on May 28, 2019, for failure to prosecute claims against these officers.[33]

Mr. Fennell sues under 42 U.S.C. § 1983. To state a claim under § 1983, Mr. Fennell must allege Defendants, acting under color of law, violated his constitutional or statutory rights, and caused the alleged injury.[34] To state a § 1983 claim against an individual, Mr. Fennell must allege the individual's "personal involvement" in the constitutional violation.[35] Liability against an individual defendant "cannot be predicated solely on the theory of *respondeat superior*."[36] Mr. Fennell may show each state actor's personal involvement through allegations of "personal direction or of actual knowledge and acquiescence."[37]

4

### A. We dismiss the claims against the Lehigh County Work Release Center, with leave to plead a claim against a state acting municipality.

Mr. Fennell sues the Lehigh County Work Release Center. While a municipality may be liable under Section 1983, a sub-unit of a municipality may not.[38] Mr. Fennell attempts to sue the municipality by naming the Work Release Center as a defendant. But the Work Release Center is not the proper entity since it is operated by, and is a sub-unit of, Lehigh County.

We dismiss Mr. Fennell's claim against the Lehigh County Work Release Center without prejudice for Mr. Fennell to file a fourth amended complaint suing the proper entity.

### B. We dismiss the claims against Warden Kuykendall, Sergeant Stametz, and Counselor Matt in their official capacities with prejudice.

Mr. Fennell sues the state actors in their official capacities. The state actors argue Mr. Fennell's official capacity claims must be construed as a claim against the municipality under *Monell v. Department of Social Services*.[39]

By suing state actors in their official capacity, a plaintiff essentially sues the municipality.[40] "So long as the governmental entity receives notice of the suit and has an opportunity to respond to it, an official capacity suit is, in all respects, to be treated as a suit against the government entity itself."[41] In suing the individuals in their official capacities, Mr. Fennell is attempting to sue Lehigh County. Mr. Fennell has not shown Lehigh County received notice of the suit, or has had an opportunity to respond.

We dismiss Mr. Fennell's official capacity claims against these individuals with prejudice.

### C. Mr. Fennell fails to state conspiracy claims against Warden Kuykendall, Sergeant Stametz, and Counselor Matt.[42]

Mr. Fennell alleges two separate conspiracies. He alleges Warden Kuykendall conspired with Sergeant Stametz and Agent Fallock to issue him a false technical parole violation.[43] On May 8, 2019, we dismissed the Third Amended Complaint against Agent Fallock.[44] Mr. Fennell also

5

alleges Warden Kuykendall, Sergeant Stametz, Counselor Matt, Officer Holmes, Agent Fallock, Officer Jones, and Officer John Doe conspired against him for attempting to file a grievance.[45] On May 28, 2019, we dismissed the Third Amended Complaint against Officer Jones and Officer Holmes for failure to prosecute claims against these Defendants.[46]

### 1. Mr. Fennell fails to state a conspiracy claim against Warden Kuykendall and Sergeant Stametz for issuing a false technical parole violation.

Mr. Fennell alleges Warden Kuykendall and Sergeant Stametz conspired with Agent Fallock to issue false reports.[47] He alleges Warden Kuykendall told him in a meeting "[L]ook I'm giving [Agent] Fallock his money back that was given to house you and I'm going to give you an administrative transfer due to your safety concerns, and that way you can't be violated for any unsuccessful discharges."[48]

To state a claim for conspiracy to violate civil rights, Mr. Fennell must allege: "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy."[49] Mr. Fennell must also allege facts showing an "agreement or meeting of the minds to violate his constitutional rights."[50]

Beyond Warden Kuykendall's statement regarding the administrative transfer, Mr. Fennell alleges no facts in support of his conspiracy claim. We do not see a "meeting of the minds" among Warden Kuykendall, Sergeant Stametz, and Agent Fallock stemming from the statement. Mr. Fennell does not allege an agreement, understanding, or relationship of some kind amongst these state actors regarding misconduct violations. Mr. Fennell instead concludes without pleading facts.

Mr. Fennell fails to state a claim for conspiracy. We grant Mr. Fennell leave to file an amended complaint to adequately plead a conspiracy claim relating to a technical parole violation against Warden Kuykendall and Sergeant Stametz.

6

## 2. Mr. Fennell fails to state a conspiracy claim against Warden Kuykendall, Sergeant Stametz, and Counselor Matt to retaliate against him.

Mr. Fennell separately alleges Warden Kuykendall, Sergeant Stametz and Counselor Matt, conspired with Agent Fallock, and Officer John Doe to retaliate against him "for attempting to report abuse."[51] He alleges both Agent Fallock and Sergeant Stametz told him on March 14, 2018, they "can work together" to give him misconduct reports.[52] Also included is a list of the alleged misconduct reports, and from whom they were issued.[53]

Mr. Fennell fails to state a claim for conspiracy against these state actors. While he does plead facts showing each party's role in this alleged conspiracy, Mr. Fennell fails to show any "meeting of the minds" regarding these actions. There is no indication any of the state actors, other than Sergeant Stametz and Warden Kuykendall, were aware of Mr. Fennell's attempts to grieve his abuse. He does not plead a fact relating to Counselor Matt's involvement in this conduct.

Assuming Agent Fallock and Sergeant Stametz told Mr. Fennell they "can work together" to give him misconduct reports, it is unclear whether any such reports were issued after the conversation. Even if they did, issuing a false misconduct report is not a violation of constitutional rights.[54]

Mr. Fennell fails to state a claim for conspiracy. We grant Mr. Fennell leave to file an amended complaint to adequately plead a conspiracy claim against Warden Kuykendall and Sergeant Stametz.

## D. We dismiss Mr. Fennell's First Amendment free exercise claim against Warden Kuykendall, Sergeant Stametz, and Counselor Matt with prejudice.

Mr. Fennell alleges Warden Kuykendall, Sergeant Stametz, Counselor Matt, and Officer John Doe are "responsible for making policies [of the] facility" depriving him of his right of religious practice from March 1, through March 16, 2018.

7

Inmates have a First Amendment right to practice religion while incarcerated.[55] "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to a legitimate penological interest.[56]

Mr. Fennell alleges the state actors' involvement in creating policy without alleging "personal direction or of actual knowledge."[57] He does not identify who denied his requests to attend church, nor does he allege how any of the state actors were personally involved in creating a policy leading to his denials. Mr. Fennell also fails to identify policy preventing his religious practice. Since the Defendants admittedly permit other inmates to attend church, Mr. Fennell cannot plausibly challenge a policy to deny him a right to free exercise of his religion. Mr. Fennell's complaint does not describe a policy in sufficient detail to state a claim.

Mr. Fennell fails to state a claim for restricting his religious practice. We dismiss Mr. Fennell's First Amendment violation claim against Warden Kuykendall, Sergeant Stametz, and Counselor Matt. As failed to plead this claim in three earlier pleadings, we dismiss this claim with prejudice.

### E. We dismiss Mr. Fennell's Eighth Amendment claim against Sergeant Stametz with prejudice.

Mr. Fennell alleges Sergeant Kurt Stametz violated his Eighth Amendment right to be free from "cruel and unusual punishment" by repeatedly threatening him with violence from March 8, to March 14, 2018.[58] He argues these threats inflicted emotional distress, leading to a panic attack and "mild heart attack."[59]

The Eighth Amendment's proscription of cruel and unusual punishment prohibits the wanton and unnecessary infliction of pain upon persons in custody.[60] To state a claim under the Eighth Amendment, Mr. Fennell must plead: (1) "the deprivation alleged [is] 'objectively serious'"; and (2) "the prison official [had] a 'sufficiently culpable state of mind.'" Mere words spoken to a

prisoner by a correctional officer does not constitute cruel and unusual punishment or deprive a prisoner of a protected liberty interest.[61]

In *Jones*, a county inmate sued officers at the prison under the Eighth Amendment for verbally harassing him and threatening him with violence. [62] The inmate alleged he fell into a depression, experienced rapid weight loss, migraines, stomach pain, diarrhea, worsening asthma, and hair loss due to the continuing harassment and anxiety caused by the officers.[63] The district court dismissed the claim explaining verbal harassment does not constitute a violation of a prisoner's constitutional rights.[64]

Mr. Fennell's claim fails for the same reason. Mr. Fennell alleges Sergeant Stametz, over the course of several weeks, verbally harassed and threatened Mr. Fennell. Mr. Fennell alleges the words resulted in a panic attack and mild heart attack. But like *Jones*, even if he alleges a physical manifestation of anxiety caused by an officer's words, Mr. Fennell cannot state an Eighth Amendment claim alleging a "verbal assault."[65]

Mr. Fennell fails to state a claim under the Eighth Amendment. We dismiss Mr. Fennell's Eighth Amendment claim against Sergeant Stametz with prejudice.

## F. We dismiss Mr. Fennell's Fifth and Fourteenth Amendment due process claim against Sergeant Stametz and Counselor Matt with prejudice.

Mr. Fennell alleges his Fifth and Fourteenth Amendment due process rights were violated "due to eight misconducts that lead to loss of liberty." Mr. Fennell alleges unnamed officials deprived him of liberty through the disciplinary sanction of "Loss of Liberties: 3 days" resulting from the issued misconduct reports.[66]

Under the Fourteenth Amendment, a state shall not "deprive any person of life liberty, or property, without due process of law.[67] When a prisoner alleges a falsified misconduct report, due process is satisfied when the prisoner "is afforded an opportunity to be heard and to defend against

9

the allegedly falsified evidence."[68] Our Court of Appeals instructs "mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim."[69]

Mr. Fennell fails to state a claim because he does not allege officers' personal involvement in depriving him of due process. His list of officers issuing misconduct reports includes Sergeant Stametz and Counselor Matt.[70] But we have no basis to find these state actors have a role in the due process afforded to parolees after they issue a misconduct report.

Mr. Fennell fails to state a claim under the Fifth and Fourteenth Amendments. We dismiss his claim for violation of the Fifth and Fourteenth Amendment Due Process Clause against Sergeant Stametz and Counselor Matt with prejudice.

## G. We dismiss Mr. Fennell's retaliation claim for attempting to file a grievance with prejudice.[71]

Mr. Fennell alleges Warden Kuykendall, Sergeant Stametz, Counselor Matt, and Officer John Doe retaliated against him for attempting to file a grievance with the Work Release Center.

"To state a claim for First Amendment retaliation, a plaintiff must allege: (1) he was engaged in constitutionally protected conduct, (2) he suffered some 'adverse action' at the hands of the prison officials; and (3) his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to take that action."[72] An allegation of being "falsely charged with misconduct in retaliation for filing complaints" against an officer "implicates conduct protected by the First Amendment."[73] But a retaliation claim cannot rest on the bare assertion the alleged retaliation is motivated by retaliatory animus.[74]

Mr. Fennell alleges the state actors retaliated against him for attempting to file a grievance regarding Sergeant Stametz's harassment and abuse.[75] When he made a request to file a grievance, officials told him no such grievance system existed.[76] After making his desire to file a grievance

10

known, Mr. Fennell alleges the state actors retaliated against him by issuing him false misconduct reports in an attempt to issue him a technical parole violation.[77]

Even if we assume Mr. Fennell's attempt to file a grievance is a constitutionally protected action, the claim fails. Mr. Fennell pleads no facts or motivating factors to show how Sergeant Stametz or Counselor Matt were motivated by a desire to retaliate against him when issuing misconduct reports.[78] It is also unclear what actions Warden Kuykendall took to retaliate against him, since none of the misconduct reports in Mr. Fennell's complaint were issued by Warden Kuykendall.[79] A bald assertion is not enough to state a claim for retaliation.

Mr. Fennell fails to state a claim for retaliation. We dismiss Mr. Fennell's retaliation claim against Warden Kuykendall, Sergeant Stametz, and Counselor Matt with prejudice.

## III. Conclusion

In an accompanying Order, we dismiss Mr. Fennell's Third Amended Complaint against Warden Kuykendall, Sergeant Stametz, Counselor Matt, and the Lehigh County Work Release Center. We grant Mr. Fennell leave to file an amended complaint to (1) identify a proper entity to replace the Work Release Center, and (2) plead facts demonstrating a conspiracy between Warden Kuykendall and Sergeant Stametz. We dismiss all other claims against Warden Kuykendall, Sergeant Stametz, Counselor Matt, and the Lehigh County Work Release Center with prejudice, including all claims against Counselor Matt who is dismissed with prejudice.

---

[1] ECF Doc. No. 43.

[2] In our May 8, 2019 opinion, we used the spelling "Stamitz" based on the spelling in Mr. Fennell's Third Amended Complaint. Defense Counsel has clarified the correct spelling is "Stametz."

[3] ECF Doc. No. 24 (Mr. Fennell's Third Amended Complaint), at p.16.

[4] *Id.*

11

[5] *Id.* at 18.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 18-19.

[10] *Id.* at 19.

[11] *Id.* at 19-20.

[12] *Id.* at 20.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at 21.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.* at 21-22.

[21] *Id.* at 22.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 25.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id* at 25-26.

[29] *Id.* at 26.

[30] *Id.* at 27.

[31] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from themn and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'statea claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 657, 679).

[32] ECF Doc. No. 43, at p. 1.

[33] ECF Doc. No. 57, at p. 1.

[34] *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (citing *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998)).

[35] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988)).

[36] *Id.* (quoting *Rode*, 845 F.2d at 1207).

[37] *Id.* (quoting *Rode*, 845 F.2d at 1207).

[38] *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694 (1978); *Open Inns, Ltd. v. Chester County Sheriff's Department*, 24 F. Supp.2d 410, 416 n.13 (E.D. Pa. 1996).

[39] *Monell*, 436 U.S. at 694.

[40] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 59 (1989).

[41] *Helm v. Palo*, No. 14-6528, 2015 WL 437661, at *9 (E.D. Pa. Feb. 3, 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

[42] Mr. Fennell also alleges he sues under 42 U.S.C. § 1986 for failure to prevent a §1985 conspiracy. Section 1985 governs conspiracies to (1) prevent a person from holding office, (2) prevent a witness or party from testifying in federal court, and (3) deny equal protection under the law. Mr. Fennell alleges no facts supporting a conspiracy under § 1985.

[43] ECF Doc. No. 24, at p. 28.

[44] ECF Doc. No. 43, at p. 1.

[45] ECF Doc. No. 24, at p. 28.

[46] ECF Doc. No. 57, at p. 1.

[47] ECF Doc. No. 24, at p. 23.

[48] *Id.* at p. 25.

[49] *Gale v. Storti*, 608 F. Supp. 2d 629, 635 (E.D. Pa. 2009).

[50] *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014).

[51] ECF Doc. No. 24, at p. 28.

[52] *Id.* at p. 20.

[53] *Id.* at p. 23.

[54] *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (dismissing prisoner's due process claim explaining "mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim").

[55] *Bell v. Wolfish*, 441 U.S. 520 (1979).

[56] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

[57] *Evancho*, 423 F.3d at 353 (3d Cir. 2005).

[58] ECF Doc. No. 24, at p. 24.

[59] ECF Doc. No. 59, at p. 18.

[60] *See Estelle v. Gamble*, 429 U.S. 97 (1976).

[61] *Jones v. Luzerne County Correctional*, No. 10-0359, 2010 WL 3338835, at *7 (M.D. Pa. 2010) (citing *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)).

[62] *Id.* at *1.

[63] *Id.*

[64] *Id.* at *2.

[65] *Id.*

[66] ECF Doc. No. 24, at p. 23.

[67] U.S. Const. amend. XIV.

[68] *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (citing *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986)).

[69] *Mensinger*, 293 F.3d at 654; *Brown v. Hannah*, 850 F. Supp. 2d 471, 475 (M.D. Pa. 2012) ("The filing of a false misconduct report does not violate an inmate's due process rights.").

[70] ECF Doc. 24, at p. 23.

[71] Mr. Fennell brings his retaliation claims under 42 U.S.C. § 1997d. We find no authority providing a private right of action under § 1997d. *See Chruby v. Kowaleski*, No. 11-225, 2012 WL 12875987, at *8 (W.D. Pa. June 5, 2012), *subsequently aff'd*, 534 F. App'x 156 (3d Cir. 2013) ("Although the Third Circuit has not addressed the issue, it appears that each court that has considered whether § 1997d grants a private right of action for an individual has found that it does not."). We will instead construe his complaint as alleging a First Amendment retaliation claim.

[72] *Bistrian v. Levi*, 696 F.3d 352, 356 (3d Cir. 2012) (citing *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001)).

[73] *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).

[74] *Alexander v. Fritch*, 396 F. App'x 867, 872 (3d. Cir. 2010) (citing *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (a retaliation claim cannot rest on the "logical fallacy of *post hoc, ergo propter hoc*, literally 'after this, therefore because of this'").

[75] ECF Doc. No. 24, at p. 23.

[76] *Id.* at 18.

[77] ECF Doc. No. 24, at p. 24.

[78] ECF Doc. No. 24, at p. 23.

[79] *Alexander*, 396 F. App'x at 872.